EDO BENNETT, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO MARION.

Incorporated towns have the exclusive privilege of granting license to sell spirituous liquors, and of prescribing the terms on which they may be sold within the corporate limits, and no person need have any other license than the town ordinances. If he brings himself within their provisions he is not liable to indictment under the State law.

THIS case was tried before SILAS L. BRYAN, Judge, and a jury, at the March term of the Marion Circuit Court, 1862, upon an indictment for selling liquor without a license.

The defendant, Edo Bennett, by his counsel, moved the court to quash the indictment, upon the following affidavit, and other grounds, to wit:

STATE OF ILLINOIS, }
　MARION COUNTY.　　} In Circuit Court, March Term, 1862.

EDO BENNETT, }
　　　ats.　　　} Indictment for selling Liquor without License.
PEOPLE. }

H. C. Goodnow, being duly sworn, says, he is informed and believes that there is no record of any venire for a grand jury, at the August term of this court, 1861, at which term this bill was found, nor can any such venire be found on file, returned by the sheriff in this honorable court, nor is there any record of any order by this honorable court upon the sheriff to summon said grand jury.

Sworn to and subscribed, etc.　　　　　　H. C. GOODNOW.

Ground for the motion : the record does not sufficiently show that said indictment was returned into open court; indictment informal, etc.　Motion overruled.

Cause came on for trial.　The People introduced *Thomas Neal*, as a witness, who testified that he knew defendant; defendant never sold him any whisky or brandy; he got one quart of alcohol of defendant, one year ago last January ; he bought twice of defendant, within eighteen months prior to last August; got one time one quart, at another time one pint. It was in Marion county.　Does not recollect who he got the alcohol of; thinks he got it of defendant once, the other time of the young man.　Stated, at the time of buying, once that he wanted it for camphor, the other time made no statement for what he intended to use it.　Thinks the young man was acting for defendant.

*David Myers* next testified as follows : " I have bought liquor at Mr. Bennett's drug store several times in less quantities than one gallon.　I think I got four or five times from him; it was in this county.　I do not remember whether I stated what I wanted it for; do not think I ever bought of defendant more than once ; the balance I got of the boys.　I got it for medical purposes.　I got it at defendant's drug store, in Salem, Marion county.

Defendant then introduced as a witness, *Michael Schaeffer*, who testified that he was clerk of the corporation of the town

of Salem, who here introduced the ordinance, which was read to the jury, to wit:

Ordinance No. 14, of Salem, Illinois. " Sec. 1. Be it ordained by the president and trustees of the town of Salem, that the manufacturing, introduction, storing, depositing, or keeping in store, on deposit, or on hand, or having in possession within the corporate limits of said town, of any spirituous, vinous, malt, fermented, or intoxicating liquors, for the purpose of selling, bartering, or exchanging the same for any species of traffic therein, except as hereinafter provided, is hereby declared to be a nuisance, and any person guilty thereof, and each and every person knowingly aiding and assisting therein, as agent, clerk, servant or otherwise, shall, upon conviction, forfeit and pay to said president and trustees, the sum of not less than five dollars, and if the person owning or having the charge or possession of said liquors, shall fail or neglect to remove the same without and beyond the corporation limits of said town, within twenty-four hours after their conviction, every such person shall further forfeit and pay to said president and trustees, the sum of five dollars for every twenty-four hours that said liquors shall remain within said corporate limits after their conviction."

Section 2 provides that any person who shall sell, barter or exchange any spirituous, vinous, malt, fermented, mixed or intoxicating liquors within the corporate limits of said town, (except as hereinafter provided), or who shall, upon the sale, barter or exchange of any goods, chattels, wares, merchandise, property, chose in action, or upon any promise, contract or agreement, express or implied, (except as hereinafter provided), deliver or furnish, or cause to be delivered or furnished, or knowingly suffer to be taken or received, any vinous, spirituous, malt, fermented, mixed or intoxicating liquor, shall be considered and adjudged guilty of nuisance, and every such person shall, upon conviction thereof, forfeit and pay to said president and trustees, the sum of five dollars for each and every offense.

Section 3 prescribes the manner of abating such nuisance.

Section 4 provides for judgment and removal of liquor, etc.

Section 5 provides that this ordinance shall not apply to the sale of any spirituous, vinous, malt, fermented, mixed or intoxicating liquors, made by any established apothecary or druggist, his agents, clerks or servants, for sacramental, chemical, mechanical or medical purposes; provided the same are sold in good faith, under the prescription of a physician, or upon satisfactory assurances made by or upon behalf of the person or persons purchasing the same, in respect to the use thereof; and provided further, that said apothecary or druggist shall furnish to the clerk of the corporation, under oath, within ten days after the expiration of each quarter of the year after this ordinance is in force, a statement in writing, of all the spirituous, vinous, malt, fermented, mixed or intoxicating liquors sold by him, his agent, clerks or servants, during the previous quarter, mentioning therein the kind and quality, when and to whom sold, and upon whose prescription or assurances. And every apothecary or druggist, neglecting, or failing to furnish such statement, shall, upon conviction, forfeit and pay to said president and trustees, a sum of five dollars per month for each and every offense.

*Charles Bennett* testified as follows: "I am the son of defendant; was acting as clerk in his drug store, in Salem, during the eighteen months prior to last August. I do not recollect whether I sold the alcohol to Neal, spoken of before, but I have strictly complied with the ordinances of the town of Salem, regulating such sale. I have reported all sales I made, and never sold at any time, nor to any person, without a prescription from a physician, or by satisfactory assurances that it was for chemical, medicinal, mechanical or sacramental purposes. It was a strict rule of the house to sell no other way. Father is a physician, not now practicing; I have seen father refuse to sell even on the prescription of a physician, when he thought it was not in good faith."

This was all the evidence in the case.

The court instructed the jury for the People, as follows:

That if you believe, from the evidence, that the defendant by himself, or agent, sold spirituous liquors in less quantity than one gallon, within eighteen months prior to finding this

indictment, then it devolves on defendant to show that he did so by authority of the corporation, and unless he has shown that each and every sale proved by the prosecution was made strictly in conformity to the corporation ordinance, you should find the defendant guilty for every sale not made in conformity to the provisions of the ordinance of the law.

The court was asked to instruct the jury for defendant, as follows:

That if the jury believe, from the evidence, that defendant acted in good faith in this case, and complied with the ordinance of the town of Salem regulating the sale of spirituous liquors, and sold the same for medicinal, chemical, mechanical or sacramental purposes, then the jury will find for the defendant.

Court modified the instruction by striking out the words *chemical, mechanical or sacramental*, and gave the instruction as modified.

Jury returned a verdict of guilty on one count. Defendant moved for a new trial, and for arrest of judgment. Motion overruled, and judgment for ten dollars fine, and costs of suit. Defendant excepts; tenders his bill, which is signed, etc.

The errors assigned are:

Court erred in not quashing indictment.

Court erred in not giving defendant's instruction, and in modifying the same.

Court erred in overruling motion for new trial and arrest of judgment.

Court erred in entering judgment on the verdict against defendant.

Judgment should have been for defendant, not guilty.

Judgment was contrary to the law and the evidence.

S. P. MOORE, for Plaintiff in Error.

The indictment is not in the language of the statute. Scates' Statute, p. 403; Criminal Code, sec. 162; Breese, 196.

Objections to the mode of summoning a grand jury should be taken by a challenge of the array, or by motion to quash

the indictment, founded upon affidavit, etc.    *Stone* v. *The People*, 2 Scam. 326.

Incorporated towns have power to declare what is a nuisance, and make rules, etc.   Scates' Statute, p. 198, sec. 12, and p. 196, sec. 5.

The president and trustees of a town shall have the exclusive privilege of granting licenses, etc.   Scates' Statute, p. 206.

It is not necessary for a druggist to have any other license than the ordinance of the town.   Under the general issue (not guilty) he may show his authority to sell under the ordinance, because it is a license, and therefore traverses the indictment.

Alcohol is not spirituous liquor, in the sense of the statute. Page 420.

The judgment is contrary to the law and the evidence in the case.

The Supreme Court will examine the whole record; the facts as well as the law, and affirm or reverse, as justice may require.   *Chicago, Burlington and Quincy R. R. Co.* v. *Hazzard*, 26 Ill. 373; *Scott* v. *Blumb*, 2 Gilm. 595.

J. B. White, for Defendants in Error.

Breese, J.   It is unnecessary to pass upon the point raised as to the want of a *venire* for the grand jury, since we are of opinion, on the merits, that the judgment should be reversed. Power has been conferred by law, over this whole subject, to incorporated towns, which they may regulate by ordinance. That power has been exercised by the town of Salem, and restraining and regulating ordinances passed by its authorities.

To that authority was the defendant amenable, and to that alone.   He could not be punished under those ordinances, and by the State laws also, which would be the case, should this prosecution be sustained.

Incorporated towns have the power to declare that the sale of spirituous liquors within their limits shall be deemed a nuisance, and punished as such.   They have the exclusive privilege of granting licenses to sell such liquors, (Scates' Comp. 206,) and to prescribe the terms on which they may

be sold within the limits of the incorporation, and no person need have any other license than the town ordinances. If he brings himself within their provisions, he cannot be, and ought not to be, punished. This the defendant succeeded in doing.

Another objection made is, that pure alcohol is not, in legal parlance, a spirituous liquor. It is not, in common parlance, so considered, although it is the basis of all spirituous liquors. We are not prepared to say, however, that selling pure alcohol is not selling spirituous liquor.

For the reason that this whole subject has been committed by law, to incorporated towns, and the town of Salem having acted upon it, by passing the necessary ordinances, an indictment for the offense alleged to have been committed in that town, cannot be maintained.

The judgment therefore must be reversed. One word as to the manner in which the clerk has made up this record. He has incorporated into it the affidavits of the witnesses claiming their fees for attendance. This is unwarranted, and cannot be tolerated, and costs cannot be taxed therefor.

The judgment is reversed. *Judgment reversed.*