## *Ex parte* CHARLES H. DOUGLASS, on *Habeas Corpus.*

INQUIRY ON WRITS OF HABEAS CORPUS.—A party will not be discharged upon the hearing on a writ of *habeas corpus*, when it appears that he is held upon a final process from a court of competent jurisdiction, and when the judgment of such court is regular upon its face and entered in the ordinary course of justice —irregularities, if any, must be corrected either in the court where they are alleged to have occurred, or by appeal.

POWER OF MUNICIPAL CORPORATIONS TO PUNISH UNDER ORDINANCES.—The City of Salt Lake, by its Council, passed an ordinance to punish parties who should be convicted of keeping any house for "gaming purposes;" the general Statutes of the Territory had also provided against such offence. Held, that the power to punish this offence is embraced among those granted to Salt Lake by its Charter.

Held further, that the City had power to punish the same, notwithstanding the offence was provided against by general law.

Held further, that the power to pass the Ordinance in question is not a special privilege within the meaning of section one of the Act of Congress entitled, "An Act amendatory of an Act to provide a temporary government for the Territory of Montana;" Approved May 26th, 1864. (4 Stat. at Large, 426.)

APPEAL from the District Court of the Third Judicial District.

The facts appear in the Opinion of the Court.

*E. D. Hoge* for the People.

*J. R. McBride* for Appellant.

BOREMAN, J., delivered the Opinion of the Court.

In September last, the Appellant, (Douglass,) was by Jeter Clinton, Justice of the Peace for Salt Lake City, fined one hundred dollars for the violation of an ordinance of said city, which prohibits the keeping of any house for gaming purposes. Failing to pay the fine, he was committed to prison, and thereupon sued out his writ of *habeas corpus* before the District Court of the Third Judicial District of the Territory. Having heard the case, the court remanded him to prison, from which judgment of the court in thus remanding him the Appellant comes by appeal to this court.

Two grounds of error are assigned for the reversal of the judgment of the District Court. The first ground is

that the prosecution was in the name of the "People of the United States in the Territory of Utah," whereas it should have been in the name of the " City of Salt Lake." The record of the case does not disclose any such state of facts, nor does the stipulation of the attorneys The commitment shows that the judgment was in the name of the " City of Salt Lake." Upon its face, then, the judgment is admitted to be correct. A portion of the argument of counsel was, however, based upon the assumption that the facts were as alleged by the Appellant. We will therefore go so far as to state that upon the hearing on a writ of *habeas corpus*, where the party asks a discharge from imprisonment on final process from a court of competent jurisdiction, and where the judgment is regular upon its face and entered in the ordinary course of justice, the party will not be discharged, but be compelled to seek a correction of the irregularities in the court where they are alleged to have occurred, and if he fail of redress in that way, to resort to his appeal.

But we are told, as a second ground of error, that the Police Court has no jurisdiction, " that the ordinance under which the sentence was inflicted is illegal and void." The power to create and punish this offence is embraced among the powers granted to Salt Lake City by its Charter, but, although this is true, it is claimed that the offence is provided against in the general statutes of the Territory, and that therefore the power of the city to punish the same by ordinance is nugatory and void. We are aware that some authors, supported by decisions, have sought to establish such a doctrine, but we cannot go that far. The same authority which gave the Charter created the general law. It cannot be that the Legislature intended to repeal the general statute by giving the corporation a like power in this respect. The city might fail to enforce the power given it, in which case there would be no power within the corporate limits for resort to punish such offences. It was evidently intended that both laws should stand together, if such be

possible, and we see no good reason for declining to have two such conservators of the peace instead of one. No harm has been done by it in this case   The Appellant does not claim that he has ever been tried or convicted for this offence under the general law, or that the penalty he is required to pay is any greater than under the Territorial statute.   It is further asserted that the power to pass laws for the creation and punishment of criminal offences in general is a power delegated to the Governor and Legislature, and cannot be redelegated by them.   If the old maxim that powers delegated can not be delegated again by the body to which they are given, is to be so rigidly interpreted it might be doubtful whether our Territorial government itself exists by authority.   But we do not view the rule in that light, and that really it does not apply to the matter before us.   The rule must be read and applied by the light of surrounding circumstances.   The learned Cooley says : " We have elsewhere spoken of Municipal Corporations, and of the powers of legislation which may be and commonly are bestowed upon them, and the bestowal of which is not to be considered as touching upon the maxim that legislative power is not to be delegated, since the maxim is to be understood in the light of immemorial practice in this country, and of England, which has always recognized the propriety of vesting in the Municipal organizations certain powers of local regulation, in respect to which the parties immediately interested may fairly be supposed more competent to judge of their needs than any central authority." (Cooley's Con. Lim. 118.)   This maxim has lived and grown up in the very midst of nations filled with cities and towns possessing these same powers as those specified in this case.   For the Legislature to delegate the power to create a Municipal Corporation, might be an intrenching upon the maxim, but not so in delegating powers for local police regulations.

   We are cited to the law of Congress which prohibits any Territorial legislative authority from granting any private charter or special privilege.   (14 Stat. at Large,

526).   We do not consider that law as at all applicable to this case.   A municipal córporation is not a private corporation, neither is the authority to pass the ordinance in question a special privilege.   If the Legislature should grant to the City of Salt Lake the exclusive privilege of having and owning a railroad in this Territory, that might be considered a special privilege, not a privilege generally granted to corporations.   The one in question is not special to Salt Lake City—it is a common and usual privilege almost universally given to municipal corporations, and it cannot be that Congress intended to class as " special privileges" the common and usual powers given to such corporations to regulate the internal police affairs of the city in the ordinary way.

It is further contended that the right in the legislative authority to grant such powers to a municipal corporation, pre-supposes the right to empower the city government to punish by ordinance every variety of crime, even the greatest, thus by a summary proceeding depriving a citizen of his rights upon a mere information, without the intervention of a Grand Jury and a petit jury.   We cannot perceive how this would be the case provided we keep in view the rights and privileges which we enjoy under the Common Law.   No person could, at Common Law, be convicted of a crime except upon the presentment or indictment of a Grand Jury, and upon the verdict of a jury of his peers.   This was not the case, however, where the offence charged was a misdemeanor. Ths word crimes did not embrace misdemeanors, and a party upon a charge of misdemeanor could be proceeded against by simple information—without a Grand Jury— and though, in some cases, they might be proceeded upon by indictment, yet this was not a requisite.   Felonies could not be proceeded on by information, but required both a Grand and Petit Jury.   The case under consideration is not at Common Law a crime—a felony—but would be classed as a misdemeanor.   We cannot therefore say that the legislative authority to give the city power to punish in such cases did not exist.   We believe

it did.    We therefore conclude that the judgment of the District Court, remanding the Appellant, be affirmed. Let the judgment be affirmed.

McKEAN, C. J., and EMERSON, J., concurred.

NOTE.—Upon subjects of similar character, see *Ex parte* Shrader, 33 Cal. 279; Johnson *v.* Simonton, 43 Cal. 242; Smith *v.* Keating, 38 Cal. 702; also, 29 Cal. 272; 18 Cal. 678.

NOTE 2.—No point was made in the Supreme Court as to the right of appeal from the judgment of the District Court in *habeas corpus* cases.