86    33|
| 71a 440|

AUGUST SEIBOLD

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

CRIMINAL LAW — *jurisdiction* — *punishment of offenses in incorporated city.* A party may be punished by indictment for keeping open a tippling-house on the Sabbath day, notwithstanding the offense may have been committed within an incorporated city invested with power to regulate the sale, etc., of intoxicating liquors, and such city had passed ordinances regulating saloons, etc., where it does not appear that the act was authorized by the municipal authorities and the party charged has not been punished under such authority. The rule is different where *exclusive* jurisdiction is conferred upon the municipal authorities.

WRIT OF ERROR to the Circuit Court of Peoria County; the Hon. J. W. COCHRAN, Judge, presiding.

Mr. S. D. PUTERBAUGH, for the plaintiff in error.

Mr. JAS. K. EDSALL, Attorney General, for the People.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Plaintiff in error was convicted in the court below of
3 — 86TH ILL.

three offenses of keeping open a tippling-house on the Sabbath day, in violation of the statute, and fined $10 for each offense.

The judgment is upon an indictment, properly framed and presented in due form of law in open court, by a grand jury of the county, regularly empanneled and sworn.

The offenses were committed within the corporate limits of the city of Peoria; and, at the time, the city was empowered by its charter, and pursuant to the power had passed ordinances, to regulate the sale and giving away of distilled and fermented liquors, and the time when saloons for that purpose should be kept open and when they should be closed.

The only point made against the judgment below is, that the effect of the charter, and ordinances adopted pursuant thereto, is to withdraw original jurisdiction of the subject from the circuit court and remit it to the police courts of the city; and *Bennett* v. *The People*, 30 Ill. 389, is relied upon as sustaining it.

The point is not well taken. In *Bennett* v. *The People* the charter conferred *exclusive* jurisdiction upon the municipal authorities over the subject, and was therefore held to operate as a repeal of the general law within the municipality. Here, however, the charter does not profess to confer upon the city authorities *exclusive* jurisdiction — it merely confers *concurrent authority* in that respect; and the case is, therefore, in all respects analogous to *Berry* v. *The People*, 36 Ill. 423, and *Gardner* v. *The People*, 20 Ill. 430. Here, as in those cases, there is no pretense that the acts adjudged as offenses against the statute were done with the permission and under the authority of the city, or that the plaintiff in error has been punished by the municipal authority for the same acts.

The judgment is right and must be affirmed.

*Judgment affirmed.*