ERIE RAILROAD COMPANY ET AL., PLAINTIFFS IN ERROR, v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON, DEFENDANTS IN ERROR.

Submitted March 21, 1910—Decided June 20, 1910.

1. Proceedings to open a street impose an additional burden on the land and are judicial in character, and the landowner is entitled ·to be heard.
2. When a landowner is entitled to be heard before his lands are subjected to the burden of a public improvement, it is not enough that he is given an opportunity to file written objections; he is entitled to support his objections by argument and proof.
3. Where the rules of a public body require action at two regular meetings and fix the days for regular meetings, action had on a day not so fixed is nugatory where the proceedings are judicial in character, although all the members of the board have previously agreed to meet on the latter day; such meeting is not a regular meeting.

On error to the Supreme Court.

For the plaintiffs in error, *Charles L. Corbin* and *George S. Hobart*.

For the defendant in error, *Edward F. Merrey*.

The opinion of the court was delivered by

SWAYZE, J.    The rules of the board of public works of Paterson provide that the regular meetings of the board shall be held on the first and third Monday of each month, and that all ordinances shall be read three times at regular meetings,

and shall not receive their first and second readings at the same meeting. These rules are as binding upon the board and its members as a statute. *Hicks* v. *Long Branch Commission,* 40 *Vroom* 300, 307. The ordinance now in question was read a first time on September 10th, 1908, and a second and third time on September 21st, 1908. The first reading was had on the second Thursday of the month, and not on the first Monday as the rules required. The effort now is to justify this procedure upon the ground that at a meeting on August 31st, which was itself an adjournment of the regular meeting of August 17th, the board agreed unanimously that the regular meeting which would ordinarily be held on September 7th be held on September 10th. The question therefore is whether such consent can make the meeting of September 10th a regular meeting in face of the rule, which stood unmodified, fixing the regular meeting for the first Monday of the month. This argument would be very forcible if the only persons concerned were the members of the board. Such is not the fact. Mr. Justice Parker well said in *Eggers* v. *Newark,* 48 *Id.* 198, 204, if the rules "can be rendered nugatory by a mere suspension, they are little more than a suggestion instead of being, as they should be, a set of regulations for the transaction of public business by a public body, on which regulations the public itself has a right to rely." The rule applies with great force in a case like the present. The ordinance opens a street across the tracks of the two railroads who prosecuted this *certiorari,* and involves the construction of bridges at very considerable expense. The resolution of the Passaic freeholders which initiated the proceeding for the opening of this street expressly provided for action by that board to compel, if possible, the erecting of bridges when the street was once laid out. If the railroad companies can be compelled to build these bridges in fulfillment of their statutory obligations, and cannot recover the cost of the city, as seems to be the result of the decision in *Morris and Essex Railroad Co.* v. *Orange,* 34 *Id.* 252, the proceedings as to them are judicial in character. *Moore* v. *Haddonfield,* 33 *Id.* 386; *Sears* v. *Atlantic City,* 44 *Id.* 710. In any event the effect of the

ordinance is to impose an additional servitude on the land of the prosecutors, and this brings the case within the rule established by those authorities. The prosecutors were therefore entitled to a hearing before they could be subjected to this burden. It is said they had such a hearing because they availed themselves of an opportunity to file objections with the street commissioners. Upon the question what suffices to constitute due process of law, we are bound by the decisions of the United States Supreme Court. It has recently been held there that an opportunity to submit objections in writing is not enough even in proceedings for taxation. *Londoner* v. *Denver,* 210 *U. S.* 373, 386. The court said: "A hearing in its very essence demands that he who is entitled to it shall have the right to support his allegations by argument, however brief, and, if need be, by proof, however informal." No such hearing was had in this case, and the method adopted was well calculated to lull the prosecutors into security and deprive them of the opportunity even to ask for a hearing. They had the right to expect that the board would hold its regular meetings as its own rules required; it was not incumbent upon them to attend a special meeting, since the ordinance could only be passed by action of the board at two regular meetings. The action of the members at the meeting on August 31st, in agreeing to meet on September 10th, was not, as the Supreme Court thought, a change of the rules, which were left as before; it was not even a suspension of the rules such as was relied on in Eggers *v.* Newark; in effect the agreement was to hold a special meeting on September 10th, because it was inconvenient to hold the regular meeting since it fell on a legal holiday.

The judgment must therefore be reversed in order that a judgment may be entered setting aside the ordinance.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, BOGERT, VROOM, GRAY, DILL, CONGDON, JJ. 11.