## TERRITORY OF HAWAII *v.* FURUBAYASHI.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JUNE 19, 1911.                    DECIDED JUNE 26, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

MUNICIPAL CORPORATIONS—*ordinance, title of.*

It is sufficient if the title of an ordinance fairly indicates to the ordinary mind the general subject of the act, is comprehensive enough to reasonably cover all its provisions, and is not calculated to mislead; but an act which contains provisions neither suggested by the title, nor germane to the subject expressed therein, is, to that extent, void.

Sections 2, 3 and 4 of ordinance No. 6 of the City and County of Honolulu, held to be inoperative for the reason that the provisions therein contained for the registering, licensing and bonding of persons to do "any plumbing work" are not expressed in or suggested by the title of the ordinance.

### OPINION OF THE COURT BY ROBERTSON, C.J.

The following charge was entered against the defendant in this case in the circuit court of the first judicial circuit: "That Furubayashi did, at Honolulu, City and County of Honolulu, Territory of Hawaii, on the 12th day of May, A. D. 1910, unlawfully and wilfully do plumbing work on certain premises situate on Emma Street near Corkscrew Lane in said Honolulu, without having first registered at the office of the Plumbing Inspector of the City and County of Honolulu, contrary to the provisions of Ordinance Number 6 of the City and County of Honolulu, Territory of Hawaii."

To that charge the defendant demurred on several grounds, and the court reserved for our consideration the question, "Shall the demurrer of the said defendant to said complaint and charge be sustained?"

We deem it necessary to deal with one only of the several contentions urged by the defendant's counsel, namely, the contention that the provisions of the ordinance under which the

defendant is being prosecuted are null and void because they constitute a subject which is not expressed or included in the title of the ordinance.

Section 15 of the act incorporating the city and county of Honolulu (Act 118, Laws of 1907) contains the provision which is, in substance, commonly prescribed throughout the United States with reference to statutes and municipal ordinances. It is as follows: "An ordinance shall embrace but one subject, which shall be expressed in its title. If any subject be embraced in an ordinance and not expressed in its title, such ordinance shall be void only as to so much thereof as is not expressed in its title."

The title of the ordinance in question is, "An ordinance providing for the appointment of a plumbing inspector of the city and county of Honolulu, prescribing the powers and duties of such plumbing inspector, establishing rules and regulations for the plumbing and drainage of buildings and the construction of house sewers in the city and county of Honolulu, and prescribing penalties for the violation of the provisions of the ordinance." The body of the ordinance, which comprises thirty-one sections, includes provisions which clearly fall within the several elements embraced in the title. The question is whether the second, third and fourth sections, at which the defendant's objection is directed, are within the purview of the title. Section 2 is, in full, as follows: "From and after the passage of this ordinance, it shall be unlawful for any person or persons, firm, or corporation to carry on the business of or do any plumbing work in the city and county of Honolulu, until he or they shall have first registered at the office of the Plumbing Inspector." Section 3 provides for the issuance of licenses to persons, firms and corporations registered under section 2 upon payment of an annual fee of ten dollars. Section 4 requires all applicants for a license to furnish a bond, with surety, in the sum of five hundred dollars conditioned to indemnify the municipality from all claims which may be made against it

for or on account of any injury sustained by any person by or in consequence of any act of the licensee, his agents or servants, in or about the work permitted to be done by such license, or on account of any violation of the provisions of the ordinance, and to pay to the municipality any penalty recovered against the licensee for any violation of the ordinance.

It is well settled that it is sufficient if the title of a statute or an ordinance fairly indicates to the ordinary mind the general subject of the act, is comprehensive enough to reasonably cover all its provisions, and is not calculated to mislead. Cognate subjects are not different subjects within the meaning of the rule, but an act which contains provisions neither expressed in or suggested by the title, nor germane or cognate to the subject expressed therein is, to that extent, vulnerable to objection. 26 Am. & Eng. Enc. Law (2nd ed.) 579, 589.

The language of the title is to be given a liberal interpretation, and the largest scope accorded to the words employed that reason will permit in order to bring within the purview of the title all the provisions of the act. Id. 583. See also, *In re Walker,* 9 Haw. 171; *Republic v. Akau,* 11 Haw. 363; *Ahmi v. Buckle,* 17 Haw. 200.

The application of these rules, which has furnished a fruitful subject of litigation, is often attended with much difficulty. Comparing the provisions of sections 2, 3 and 4, of the ordinance in question with its title, we think it is clear that they are not properly referable to either the "appointment of a plumbing inspector," or his "powers and duties," or to "rules and regulations for the plumbing and drainage of buildings," or to "the construction of house sewers." Such broad provisions for the registering, licensing and bonding of persons who may desire to do "any plumbing work" have no reasonable connection with any element of the title. They constitute, rather, a separate and distinct scheme—one independent of that outlined by the title. Whether or not that scheme is sufficiently germane to that embraced in the other sections of the ordi-

nance so that both might, under a sufficiently comprehensive title, be included in one act we need not say.

A statute or ordinance the title to which purports to be specific may be open to the objection that one of its provisions is not expressed in the title when the object might have been sufficiently expressed in general terms. The very attempt to be specific may, through the omission to mention an important feature of the act, result in the making of a misleading title. *Hyman* v. *Kapena,* 7 Haw. 76; *Marioneaux* v. *Cutler* (Utah), 91 Pac. 355, 358; *Lamar Canal Co.* v. *Amity L. & I. Co.,* 26 Colo. 370, 374; *State* v. *Bradt,* 103 Tenn. 584; Cooley's Con. Lim. (6th ed.) 178.

We think that the omission to make the reference to the subject matter of the three sections referred to has caused the title of this ordinance to be misleading. We hold those sections to be inoperative.

It has been remarked that the adjudicated cases afford but little assistance to courts in passing upon questions of this character, other than in a general way, as each case must be decided according to its own peculiar facts. *Witzmann* v. *Southern R. Co.,* 131 Mo. 612, 618; *Power* v. *Kitching,* 10 N. Dak. 254, 258. The following cases may, however be referred to as illustrations of the application of the rule under circumstances somewhat analogous to those in the case at bar. *Payne* v. *School District,* 168 Pa. St. 389; *Marion Water Co.* v. *Marion,* 121 Ia. 306; *Carpenter* v. *Joiner* (Ala.), 44 So. 424; *Wade* v. *Atlantic Lumber Co.* (Fla.), 41 So. 72; *Henderson Bridge Co.* v. *Alves,* 122 Ky. 46; *Weimer* v. *Commissioners,* 124 Ky. 377; *Burcher* v. *People,* 41 Colo. 495; *State* v. *Merchant,* 48 Wash. 69.

The reserved question must be answered in the affirmative.

*F. W. Milverton, Deputy City and County Attorney of Honolulu (J. W. Cathcart, City and County Attorney of Honolulu,* with him on the brief), for plaintiff.

*J. A. Magoon* and *Noa W. Aluli (Magoon & Weaver* and *Noa W. Aluli* on the brief) for defendant.