L. Marchant *v.* Hattie F. Marchant.

## SUPREME COURT—JULY TERM, 1875.

*Allen, Ch. J., Harris and Judd, J. J.*

L. MARCHANT *vs.* HATTIE F. MARCHANT.

CHAPTER 51 of the Session Laws of 1874, containing two distinct objects, is contrary to Article 77 of the Constitution and void.

This is an action for divorce brought by a husband against his wife, alleging that she has at divers times since their marriage committed adultery, and that by force of the Act relating to divorce, approved on the 18th day of July, 1870, he is entitled to a divorce, notwithstanding Chapter 51 of the Session Laws of 1874.

The 16th Chapter of the Session Laws of 1870, sets forth very specifically the grounds on which divorces could be obtained, and enacts that they should be obtainable on no other grounds—see Section 1 of the Act—and likewise sets forth the whole manner of procedure which shall be thereafter followed, and in its 12th section enacts that "Sections 1323, 1324 and 1325 of the Civil Code, and all Acts and parts of Acts authorizing divorce causes to be heard at Chambers, and all Acts and parts of Acts inconsistent herewith are hereby repealed." The object and effect of this Act was to make the obtaining of divorces more difficult than it had previously been.

The first section of the 51st Chapter of the Session Laws of 1874 repealed this last mentioned Act, which would have the effect to revive Sections 1323, 1324 and 1325 of the Civil Code, were it not for the 20th section of the Civil Code, which reads as follows :

"The repeal of any law shall not be construed to revive any other law which has been repealed unless it be so clearly expressed," and as the enactment of 1874, whilst repealing

L. Marchant *v.* Hattie F. Marchant.

the law of 1870, did not in express terms re-enact the statutes repealed by the law of 1870, it would follow that there is no law to enable divorces to be granted for the future.

But it is contended that the 51st Chapter of the Session Laws of 1874 is void, because that by its second section it is enacted "that an Act entitled an Act to permit divorced persons to marry again, approved May 20th, 1866, be, and the same is hereby re-enacted." (See page 3 of Session Laws of 1866). Now the law thus sought to be revived by this enactment was repealed by quite another law than that sought to be repealed, viz.: Chapter 10 of the Session Laws of 1870, which whilst repealing the Act of the 20th of May, 1866, re-enacts and amends Section 1334 of the Civil Code, so that by this enactment one provision is raised without repealing the other.

But it is argued that the whole of the 50th Chapter of the Session Laws of 1874 is void as being contrary to the 77th Article of the Constitution, which reads as follows:

"To avoid improper influences which may result from intermixing in one and the same Act such things as have no proper relation to each other, every law shall embrace but *one object*, and that shall be expressed in its title."

The Court regards this provision of the Constitution as mandatory, and the disregarding of it by the Legislature renders any of these enactments in which it may be disregarded, nugatory. Surely a law which in effect prohibits all future divorces, and at the same time in the same law makes an enactment by which those persons who may have been previously divorced, may be married again, (or perhaps it may more properly be said, establishes new conditions on which they may be married), includes more than one object in the same enactment; and therefore by virtue of the authority vested in this Court we do hereby declare the 51st Chapter of the Session Laws of 1874, contrary to the 77th Article of the Constitution and therefore null and void.

W. C. Jones for libellant.