In the Matter of the Petition of the METROPOLITAN GAS-LIGHT COMPANY to Vacate an Assessment.

The provision of the act of 1870 (§ 27, chap. 383, Laws of 1870), entitled " An act to make further provision for the government of the city of New York," which gives to the judge before whom proceedings are had under the act of 1858 (Chap. 338, Laws of 1858), jurisdiction to modify an assessment when the expense of a local improvement has been unlawfully increased, is embraced within the subject-matter expressed in the title ; and so is not in conflict with the constitutional provision (Art. 3, §

16), declaring that a local act shall embrace but one subject, which shall be expressed in the title.

The fact that another provision of the act (§ 49) relates to a subject not expressed in the title, and so is void, does not invalidate the rest of the act.

In opposition to an application to set aside an assessment for a sewer based upon the ground that the prices for rock excavation and foundation-plank were fixed by the commissioner of public works, and so withdrawn from competition, a certificate of the said commissioner was produced, and it was claimed that under the act of 1871 (Chap. 574, Laws of 1871) said certificate was conclusive evidence of the amount of expenditures, and that the amount so certified was properly assessed notwithstanding such defect. The certificate bore a date prior to the passage of the act, and was to the effect that the work in question " was awarded " to persons named, and " that the work has been completed and accepted." It did not state the " sum expended " as required by said act. *Held,* that the certificate was ineffectual to sustain the assessment.

(Argued June 14, 1881 ; decided June 21, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made in December, 1880, which affirmed an order of the Special Term vacating an assessment upon certain lots of the petitioners in the city of New York for " Sixty-sixth street outlet sewer with branches." (Reported below, 23 Hun, 327.)

The material facts are stated in the opinion.

*J. A. Beall* for appellant. The legislature had jurisdiction to enact chapter 574 of Laws of 1871, and to provide in it that the certificate of the commissioner of public works shall be conclusive evidence of the amount of the expenditure for regulating, etc., streets, etc., in New York city. (*Guilford* v. *Sup'vrs of Chenango,* 3 Kern. 143 ; *People* v. *The Mayor,* 4 Comst. 419 ; *Brewster* v. *Syracuse,* 19 N. Y. 116 ; *Howell* v. *Buffalo,* 37 id. 267 ; *In re Cameron,* 50 id. 502.) Section 27 of chapter 383 of the Laws of 1870 relates to and is included in the subject expressed in the title of the act, and is not obnoxious to the provisions of the Constitution. (*The People* v. *Briggs,* 50 N. Y. 553, 558 ; *The People* v. *Rochester,* id. 531 ; *In re Mayer,* id. 504.) The right and power of the court to

order a modification of an assessment instead of an absolute vacation does not rest upon the act of 1870 alone, it is a power inherent in the court. (*In re St. Joseph's Asylum*, 69 N. Y. 353; *In re Hebrew Orphan Asylum*, 70 id. 476; *In re Merriam*, 84 id. 596.)

*Samuel Hand* for respondent. The assessment must be vacated, as the work for which the assessment was imposed was not all done by contract to the lowest bidder, etc., as required by law. (*Matter of Mahan*, 20 Hun, 301; 81 N. Y. 621; *Matter of Manhattan Sav. Inst.*, 82 id. 142; *Brady* v. *Mayor*, 20 N. Y. 312; *Moore* v. *Mayor*, 73 id. 238; *Matter of Emigrant Bank*, 75 id. 395.) There is no power to reduce the assessment under section 27, chapter 383 of the Laws of 1870, as that section of the law is unconstitutional and void. (*Huber* v. *The People*, 49 N. Y. 132; Laws of 1870, chap. 137; Laws of 1871, chaps. 573, 574; *People* v. *Hill*, 35 N. Y. 449, 451; *Conner* v. *The Mayor*, 5 id. 285.) The contract is invalid and void, as it was never submitted to and did not receive the certificate of the commissioner appointed under the act of 1872. (*In re Kendall*, 85 Ct. App., May 13, 1882.) Where substantial error exists an assessment must be vacated. (Laws of 1849, chaps. 187, 383; Rev. Ordinances, 1859, arts. 5, 7, § 43; id. 1866; Laws of 1861, chap. 381; *In re Manhattan Sav. Inst.*, 82 id. 142; *In re Mahan*, 81 id. 621; 20 Hun, 301; *In re Em. Ind. Bk.*, 75 N. Y. 388; *Appleby* v. *Mayor*, 15 How. 428; *Bonesteel* v. *The Mayor*, 22 N. Y. 162; *Ellis* v. *The Mayor*, 1 Daly, 102.)

Danforth, J. To sustain the order, respondent relies upon the conceded fact that the prices for "rock excavation and foundation planks" were fixed by the commissioner of public works, and so withdrawn from competition. This was a clear violation of the law under which he assumed to act, and if we looked no further would prevent relief on this appeal. (*In re Mahan*, 81 N. Y. 621; *In re Manhattan Sav. Inst.*, 82 id. 142.) But no fraud has been practiced and the error

renders applicable the rule under which *In re Merriam* (84 N. Y. 596) was decided. It was held that a deduction from the assessment then in question should be made on account of these items, and a new hearing was ordered to ascertain the amount. This result was reached through the terms of section 27 of the statute entitled " An act to make further provision for the government of the city of New York" (Chap. 383, Laws of 1870). By it jurisdiction was given to the judge before whom proceedings were had, under chapter 338 of the Laws of 1858, to vacate or modify an assessment when the expense of a local improvement had been unlawfully increased. And following the decision then made, we think the power to modify should have been exercised in this case. But a further question is now raised by the learned counsel for the respondent. It is contended that this provision of the act of 1870 (§ 27, *supra*) is void because of the restriction contained in section 16, article 3, of the Constitution of this State. This point was not raised in *In re Merriam*, and if well taken we should be bound to follow the *Mahan Case.* The statute of 1870 (*supra*) is a local act, as was held in *Huber* v. *The People*, 49 N. Y. 132, and as such should under the constitutional provision (*supra*) embrace but one subject, and that should be expressed in its title. That the act is defective in this respect has already been decided (*Huber* v. *The People, supra.*) Section 49 was then under consideration. It related to the organization of a court of criminal jurisdiction, administering and enforcing State laws, and the decision was put upon the ground that such organization was outside the subject named in the title. So much of the statute was, therefore, declared void. The rest may, nevertheless, be valid. (*People ex rel. City of Rochester* v. *Briggs*, 50 N. Y. 553.) The argument which led to the conclusion in *Huber's Case* (*supra*) is sufficient to uphold the section now before us. It relates to matter necessarily connected with the subject named in the title. Without money there could be no government of a city, for its necessary offices would not be filled or the enforcement of its laws pro-

vided for. If within its boundaries, for the convenience or health of its people, it may have streets and sewers; provision must be made for their creation, and the regulation and restraint of assessments laid to meet the expense of their construction find their proper place in legislation relating to its government. The subject stated in the title is general. It embraces "further provision for the government of the county of New York." Provisions, therefore, in regard to any of the functions of the corporation, or necessary to carry out or render any of them effective, may be, so far as this clause of the Constitution is concerned, incorporated in the act as necessarily connected with the subject-matter of its title. (*People ex rel. City of Rochester* v. *Briggs, supra.*) The objection, therefore, of the respondent in respect thereto cannot avail. On the other hand, the learned counsel for the appellant seeks to sustain the whole assessment; and for that purpose contends that under chapter 574, Laws of 1871, the certificate of the commissioner of public works is conclusive evidence of the amount of the expenditure for the improvement in question, and that the amount so certified was properly assessed for that purpose, notwithstanding the defects to which we have referred. But the provisions cited seem inapplicable to the case before us. They confer new powers upon the commissioner of public works, declare that he may proceed with work contemplated by contracts abandoned by the contractor or declared void by reason of his "action" or "default," authorize the board of assessors to assess the expenses actually incurred by the city for such work, and declare, in language relied upon by the appellant, that "the board of assessors of the city of New York are authorized and directed to assess upon the property intended to be benefited the amount of expenditures then and thereafter actually paid or incurred for regulating, grading, paving and repaving, and otherwise improving the streets, avenues and public places of the city of New York." It then requires the commissioner of public works to certify to the board of assessors the sum "expended as aforesaid," and makes "such certificate conclusive evidence of the amount of such ex-

penditure." The certificate relied upon by the appellant is not set out in the appeal book, but is stated to bear date March 2, 1871, and to declare that the contract for the work in question " was awarded " to persons therein named; " that the work has been completed and accepted by the department of public works." It names an amount and kind of work, but I do not find a statement of " the sum expended " therefor. Again, if we compare the date of the certificate with that of the passage of the act, we see that the certificate could not have been given in pursuance of it. It was given before the act was passed. Its form is not that contemplated by the statute, nor is it the same in substance. Without adverting, therefore, to other reasons, some of which are stated in the opinion of the General Term, we are unable to perceive that it has any bearing upon the question before us.

It follows that the order appealed from should be modified, and the case sent back to the Special Term, that the proper reduction may be made in the assessment in the particulars mentioned, costs to abide event.

All concur.

Ordered accordingly.