HYMAN BROTHERS *vs.* JOHN M. KAPENA, Collector-General of Customs.

APPEAL FROM THE POLICE COURT OF HONOLULU.

APRIL TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.

Under Article 77 of the Constitution, providing that every law shall embrace but one object, and that shall be expressed in the title:

Held, that an amendatory Act entitled "Relating to Import Duties on Wines," was restricted in its scope to an amendment concerning the duties on wines, and was unconstitutional and void in respect to other imported goods mentioned in the amended Act.

OPINION OF THE COURT, PER McCULLY, J.

This case comes by appeal from the Police Court of Honolulu. It is presented to this Court on the following agreed statement of facts, and the question reserved :

" The following facts are agreed upon : That plaintiff, in the month of November, 1886, imported and duly entered under bond at the Custom House at the port of Honolulu an invoice of Manila cigars of the value of nine hundred and fifty-two dollars ($952) ; that on the third day of December, 1886, plaintiffs withdrew from bond ten thousand of said cigars of the value of one hundred and nineteen dollars ($119), and paid to defendant ten dollars per thousand ; that in addition to said duty, defendant exacted and plaintiffs paid under protest a further duty of 25 per cent. upon the value of said cigars, amounting to the sum of $29.75 ; that plaintiff also, in the month of January, 1887, imported and duly entered under bond at said Custom House an invoice of Havana cigars of the value of six hundred and thirty dollars ($630) ; that on the 24th day of said January, plaintiffs withdrew from bond said cigars and paid a duty of ten per cent. on the same ; that in addition to said duty, defendant exacted

and plaintiffs paid under protest a further duty of 25 per cent. upon the value of said cigars, amounting to the sum of $157.50; that defendant would not allow said cigars to be withdrawn from bond without the payment of said duties of 25 per cent.

"Plaintiffs claim that the law enacted at the Session of 1886, to wit: so much as relates to cigars, of Section 2 of an Act approved October 15, 1886, entitled 'An Act amendatory of Section 2 of Chapter XXVIII. of the Session Laws of 1878, relating to import duties upon wines,' being Chapter LIV. of said laws, is unconstitutional.

"It is agreed to request the Court to reserve the question of the constitutionality of said portion of said law. And that if said law is held good, judgment shall be entered for the defendant with costs; and if said law is held void as far as relates to cigars, judgment shall be entered for the plaintiffs for the sum of one hundred and eighty-seven 25-100 dollars ($187.25) with costs."

The title of the Act, concerning which the question of constitutionality is raised, is "An Act amendatory of Section 2 of Chapter XXVIII. of the Session Laws of 1878, relating to import duties upon wines."

The title of the Act of 1878, which is referred to, is "An Act to amend an Act entitled 'An Act to increase the import duties upon certain goods,' approved the 27th day of September, 1876." The " certain goods " upon which the duties are "increased" by the Act are more than forty articles or classes of articles, among them three classes of wines. The Act of 1886 imposes specific duties on eight classes of goods, including the three classes of wines.

Article 77 of the Constitution reads: "To avoid improper influences which may result from intermixing in one and the same Act such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in the title." A like article is found in the constitutions of a majority of the States of the American Union, some of them using the term *one subject,* and some *one object.* The

purpose of this provision is, first, to prevent *hodge-podge* or *log-rolling* legislation ; second, to prevent surprise or fraud upon the Legislature by means of provisions in bills of which the titles give no intimation ; and third, to apprise the people of proposed matters of legislation.    See Cooley's Const. Limitations, p. 143.

It is clear that the title in the present case is misleading, and would frustrate the second or third objects above proposed.    It is declared by this title that the law intended to be amended is one relating to import duties upon wines, and inferentially upon wines only.    When the Act is read by its title, this matter is what is presented to the attention of the Legislature.    Without the words " relating to import duties upon wines," the title describes an Act amending a specified Act of 1878, whatever subjects may be included in it; but these words being added must be considered to restrict the scope of the Act and of the amendment.    Says Cooley, at page 149 of the work cited above : " The Courts cannot enlarge the scope of the title ; they are vested with no dispensing power ; the Constitution has made the title the conclusive index as to what shall have operation ; it is no answer to say that the title might have been made more comprehensive, if in fact the Legislature have not seen fit to make it so."

The error in this title is not in its insufficiency.    As an amendatory Act, it might be considered sufficient if it only referred to an original Act having a title properly describing the subject matter.    See *State vs. Ransom*, 73 Mo., 78, referred to at page 153 of U. S. Digest, New Series, Vol. 13.    In the case before us the title goes beyond such reference, and wrongly describes the Act referred to and the matter amended.

The Act being broader than the title does not, however, render the Act unconstitutional as to the subject expressed in the title, when that is separable from matters which are extra the title. Cooley's Const. Lim., page 148 ; *Re Metropolitan Gaslight Co.*, 85 N. Y., 526 ; *Dewhurst vs. Allegheny City*, 95 Pa. St., 437.

The Act is good as to the duties mentioned upon wines.    It is unconstitutional in respect to the added duties on cigars and

cheroots.   The plaintiffs' contention being sustained, we order judgment for them for the amount settled in the agreed statement.  · ·

*F. M. Hatch*, for plaintiffs.

*A. P. Peterson*, for defendant.