THE CITY OF EAST ST. LOUIS *et al.*

*v.*

PHILIP RHEIN, County Clerk.

*Filed at Mt. Vernon November 4, 1891.*

1. ANNEXATION *of territory to a city—effect on township boundaries.* Where the territory of a city and a town under the Township law are co-extensive, the annexation of a village in an adjoining town, upon a vote of the city and village, will not have the effect to detach the territory of such village from the town in which it was situated, and to annex the same to the town composed of the city.

2. A town under the Township law is a distinct municipality from that of a city of the same name, although the territory of each may be identical.

This is a petition in this court for a writ of *mandamus.*    The facts of the case are stated in the opinion of the court.

Mr. F. G. COCKRELL, for the petitioners.

Mr. M. W. SCHAEFER, and Messrs. TURNER & HOLDER, for the defendant.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

This is a petition for mandamus filed by the petitioners, the city of East St. Louis, the Town of East St. Louis, and John P. Enright, assessor of the Town of East St. Louis, to compel Phillip Rhein, the county clerk of St. Clair County, to deliver to said Enright as the assessor of the town of East St. Louis, a certain assessment book to be used in assessing the property situated within the territory of the village of New Brighton. It is conceded that, if the territory lying within said village belongs to the town of East St. Louis, the writ of mandamus should be issued, but if not, that the writ should be denied.

The county of St. Clair has adopted the general township organization laws of the State. The city of East St. Louis adopted the provisions of the general law for the incorporation of cities, villages, etc., on August 28, 1888. Prior to the latter date, under "an act to authorize county boards in counties under township organization to organize certain territory situated therein as a town," passed May 23, 1877, in force July 1, 1877, and amended in 1883, (2 Starr & Cur. Ann. Stat. page 2430; *People* v. *Hazelwood*, 116 Ill. 319), the territory comprised within the limits of the City of East St. Louis was organized into the town of East St. Louis. It is alleged in the petition, that the city clerk has been made town clerk, that the city treasurer has been made the town collector, and that the office of highway commissioner has been abolished. The limits of the town of East St. Louis are the same as the boundaries of the City of East St. Louis. (*Tissier* v. *Rhein,* 130 Ill. 110.)

East of the city and town of East St. Louis lies the town of Centreville Station. Within the town of Centreville Station was the village of New Brighton. The village was located in the west part of the town of Centreville Station and immediately east of the east boundary line of the city and town of East St. Louis, as shown by the following plat:

| CITY AND TOWN<br><br>OF<br><br>EAST ST. LOUIS. | Township Line. | Village of<br>New Brighton. | TOWN OF<br><br>CENTREVILLE STATION. |
|---|---|---|---|

Under the act of 1889, entitled "An Act to provide for the Annexation of Cities, Incorporated Towns and Villages, or parts of same, to Cities, Incorporated Towns and Villages,"

approved April 25, 1889, (Laws of Ill. of 1889, page 66; *True* v. *Davis*, 133 Ill. 522), the village of New Brighton has been annexed to the city of East St. Louis.

The petition for mandamus alleges, "that by a fair construction of the last named Act * * * the jurisdiction of the said city and Town of East St. Louis became and was extended over the territory of said village of New Brighton, and thereby and to that extent the jurisdiction of the said town of Centreville Station over the said territory of the said village of New Brighton became and was extinguished," etc. The question thus presented is: has the western portion of the town of Centreville, embraced within the territory contained in the corporate limits of the village of New Brighton, become a part of the town of East St. Louis by reason of the annexation of the village corporation of New Brighton to the city of East St. Louis? We think, that this question must be answered in the negative in view of the decisions heretofore made by this Court. (*People* v. *Brayton*, 94 Ill. 341; *Dolese* v. *Pierce*, 124 id. 140; *Village of Hyde Park* v. *City of Chicago*, 124 id. 156; *Donnersberger* v. *Prendergast*, 128 id. 229.)

The question of annexing the village of New Brighton to the city of East St. Louis was determined in favor of such annexation by the voters of said village and of said city. But it is conceded, that the question of detaching a portion of the ter-. ritory of the town of Centreville, lying in the west part of that town and covered by the village of New Brighton, and annexing the portion of said town so detached to the town of East. St. Louis, has never been submitted to the voters of the towns of Centreville Station and East St. Louis, nor acted upon by them, nor otherwise determined upon and accomplished in the manner provided by law. (Laws of 1887, page 300; 3 Starr & Cur. Ann. Stat. page 522; Laws of 1889, page 361; *Donnersberger* v. *Prendergast, supra;* 2 Starr & Cur. Ann. Stat. page 2410.)

The annexation of the village of New Brighton to the city of East St. Louis could not have the effect of dividing the town of Centreville Station and uniting a portion of its territory to the town of East St. Louis. The town of Centreville Station and the town of East St. Louis were two corporations, which were as separate and distinct from each other, as the municipality, known as the city of East St. Louis, was separate and distinct from the municipality, known as the village of New Brighton. Such is the doctrine of the cases above referred to. In *Dolese* v. *Pierce, supra,* we used the following language in regard to townships, and cities and villages: "They are in law and in fact as distinct from one another as any two artificial beings could be, whatever their supposed resemblances may be. This is equally so with respect to their organization and jurisdiction. In the exercise of the powers conferred upon them, they act wholly independently of each other, *even where their jurisdiction extends over the same people and territory.*"

We are of the opinion, that the territory in question remained a part of the town of Centreville Station after the annexation of the village of New Brighton to the city of East St. Louis, and that, therefore, the assessor's book for the property embraced within said territory should be delivered to the assessor of the town of Centreville Station, and not to the assessor of the town of East St. Louis. It follows that the prayer of the petition for a writ of mandamus must be denied.

*Writ refused.*