*A. G. M. Robertson, Thayer & Hemenway, E. C. Peters, Smith & Lewis* for defendants.

---

# IN THE MATTER OF THE APPLICATION OF S. AHMI FOR A WRIT OF PROHIBITION AGAINST MARY BUCKLE AND THE CIRCUIT COURT OF THE FIRST CIRCUIT (HON. JOHN T. DE BOLT, FIRST JUDGE.)

### ORIGINAL.

ARGUED DECEMBER 4, 1905.     DECIDED DECEMBER 7, 1905.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

TITLE OF ACT—*not too broad or too narrow.*

> The provision of the Organic Act that "each law shall embrace but one subject, which shall be expressed in its title," should be liberally construed. The title may be broader than the act, provided it is not delusive; the act may cover different matters, provided they have a natural connection and are fairly embraced in one subject. A provision limiting civil jury trials, unless by consent, to the first sixty days of each term in the first circuit, may properly be included in an act purporting in its title to amend a

certain section of the Revised Laws "relating to terms of the cir-
cuit courts," the other provisions of which act relate to the length,
adjournment and extension of the terms in the several circuits.

## OPINION OF THE COURT BY FREAR, C.J.

The petitioner seeks by writ of prohibition to prevent the
respondent from trying with a jury, against the petitioner's con-
sent, during the remainder of the present September term of
the circuit court of the first circuit, a certain action of assump-
sit brought in that court by the respondent Buckle against the
petitioner, which action was set for trial by the respondent,
the circuit judge, on November 27, 1905, the said term of court
having begun on September 4, 1905. The petitioner relies upon
the provision in Act 37 of the Laws of 1905 that "no jury trial,
in any civil action, shall be commenced at any term of said
circuit court for the first circuit, after sixty days of such term
have elapsed, unless by the consent of all parties to such action,
in the form of a written stipulation, duly filed, or of an oral
stipulation, made in open court, and duly entered upon the
minutes." The respondents contend that this provision is in
conflict with section 45 of the Organic Act, which provides
that "each law shall embrace but one subject, which shall be
expressed in its title."

The title of the Act is "An Act to amend section 1646 of the
Revised Laws of Hawaii, relating to terms of the circuit
courts." The act provides that the terms in the second, third
and fifth circuits may continue twenty-four days, Sundays and
legal holidays excepted, with a proviso that any such term may
be extended by the presiding judge for not more than twelve
days; that the terms in the first and fourth circuits may con-
tinue until the time for commencing the next succeeding terms,
with a proviso that the April term in the first circuit shall not
extend beyond the last Saturday in June, and a further proviso
containing the sixty-day provision above quoted; that the judges
in all circuits may adjourn court from time to time during the
term or without day; and that any term in any circuit shall

stand extended for the completion of any trial already begun at the time when the term would otherwise expire.

The respondents contend, first, that the title is too broad or that the provision in question is not expressed in the title, and cite cases which hold that acts purporting in their titles to be general, as, for instance, relating to all cities in the state, are void under similar constitutional provisions if they in fact are of a special nature, as, for instance, if they relate to only certain cities or cities of a certain class. The mere fact that the title of an act is broader than the act itself does not render it void; the generality must be of such a nature as to mislead or be delusive. It is not necessary that an act "relating to terms of the circuit courts" shall provide everything in regard to such terms or shall contain only similar provisions as to all terms in all circuits or as to all terms in each circuit. If an act would be void in case it related to terms in one circuit only while its title related to terms in all circuits, still the act in question or the provison in question is not void, for the act does relate to all terms in all circuits. It is not contended that all provisions of law must be uniform as to all terms or in all circuits, but merely that in a single act purporting in its title to relate to terms in all circuits the provisions must be uniform. This contention cannot be sustained.

The respondents contend, secondly, that the title is too narrow or that while it embraces but one subject, as it should, the act itself embraces two subjects, namely, one in regard to terms of circuit courts and one in regard to the classes of cases that may be tried at such terms or during portions of such terms. As already appears, the act, besides providing for adjournment of terms from time to time or without day, provides that the terms in certain circuits shall have a certain duration and the terms in the other circuits a certain different duration, but that all such terms shall be extended for the purpose of concluding trials already begun, that the terms in the first mentioned circuits may be extended for certain periods by their presiding judges, that one term in one of the other circuits shall be short-

ened and that, in substance, under the provision now in question, all the terms in that circuit shall be shortened for the purposes of civil jury trials, except that such trials may be held by consent thereafter during such terms—very much as trials may, irrespective of this provision, be held by consent out of term altogether. This provision, as it seems to us, has a proper relation to the other provisions. The various provisions are not incongruous; they have a natural connection with each other, and are fairly embraced in one subject, which is embraced in the title of the act. The presumption is that the act is valid. The provision of the Organic Act which is now invoked should be liberally construed. Under these circumstances the provision in question should be held valid. See *In re Walker,* 9 Haw, 173; *Dole v. Cooper,* 15 Haw, 299.

The preliminary or alternative writ may be made perpetual.

*C. W. Ashford* for petitioner.

*C. F. Clemons* for respondents; *Thompson & Clemons* on the brief; *E. C. Peters, Attorney General,* by permission also filed a brief.