IN THE MATTER OF THE APPEAL OF O. F. GODDARD, DIRECTOR OF INSTITUTIONS OF THE TERRITORY OF HAWAII, FROM A DECISION OF THE HONORABLE JAMES D. REID, AUDITOR OF THE TERRITORY OF HAWAII.

No. 2421.

Submitted August 28, 1939.        Decided September 14, 1939.

Coke, C. J., Peters and Kemp, JJ.

204

OPINION OF THE JUSTICES BY KEMP, J.

This is an appeal by O. F. Goddard, director of institutions of the Territory of Hawaii, from a decision or ruling of James D. Reid, auditor of said Territory, brought pursuant to section 584, R. L. H. 1935.

The department of institutions and the office of director of institutions were created by Act 203, Session Laws 1939, which was approved on the 11th day of May, 1939, and which by section 12 thereof was to take effect on July 1, 1939.

The title of Act 203 reads as follows: "An Act amending Title XXVI of the Revised Laws of Hawaii, 1935, by adding thereto a new chapter numbered 254 A, providing for a department of institutions to administer the territorial hospital, the industrial schools, and Oahu prison and other territorial prisons, prescribing its powers, duties and functions, and amending chapters 41, 132 and 217 of said Revised Laws, relating respectively to the territorial hospital, industrial schools and territorial prisons, and other laws inconsistent with this act, to conform thereto." The Act, in the body thereof, purports among other things to transfer to the jurisdiction and control of the director of institutions Waimano Home and all appropriations therefor and all powers, duties and functions of the pre-existing board of commissioners for Waimano Home (as set forth in chapter 32, R. L. H. 1935), with respect thereto.

Section 45 of the Organic Act reads as follows: "That each law shall embrace but one subject, which shall be expressed in its title."

The auditor has held that such portions of said Act 203 as purport to transfer the jurisdiction and control of Waimano Home and all appropriations therefor and all pre-existing powers, duties and functions of the board of commissioners for Waimano Home to the director of institutions, are invalid on the ground that the title of said Act 203 is contrary to section 45 of the Hawaiian Organic Act in that, as claimed by the auditor, "the subject matter of said Act 203 relating to Waimano Home and the said board is not expressed in the title of said Act 203." More specifically the question arises upon the refusal of the auditor to honor and to issue thereon his warrant, a voucher approved by the director of institutions, for one garbage can in the sum of $1.35, which voucher is drawn against the appropriation made by Act 244, Session Laws 1939, for Waimano Home and which appropriation, by section 2 of Act 203, Session Laws 1939, is purported to be reappropriated for expenditure by the director of institutions, such refusal being based upon the auditor's holding as to the invalidity of said Act 203 with respect to Waimano Home, from which the auditor concludes that the director of institutions has no jurisdiction over appropriations and expenditures therefrom for Waimano Home and that therefore he has no authority to approve such a voucher.

From the facts found by the auditor and stipulated by the parties it is clear that if Act 203 is valid with respect to the provisions relating to Waimano Home, that is, if the title is sufficiently broad to comply with section 45 of the Organic Act in this respect, the auditor's said ruling is incorrect and he should be required to approve said voucher and issue his warrant thereon; whereas, if

the title is not sufficient in this respect, the auditor's ruling should be sustained. The facts are set forth in detail in the decision of the auditor and the stipulation of the parties but need not be here repeated. The appellant contends that the decision of the auditor so appealed from is erroneous; that the title of said Act 203 is sufficient to embrace Waimano Home and that therefore the auditor was in error in refusing to honor said voucher and to issue a warrant thereon.

Until comparatively recent times the title of an Act was considered no part of it and although it might be looked to as a guide in the construction of a statute which appeared to be ambiguous or doubtful, yet it could not enlarge or restrain the provisions of the Act itself and the latter might be good when it and the title were in conflict. (*United States* v. *Palmer,* 16 U. S. 610, 630.) Titles to legislative Acts have recently, however, by reason of constitutional provisions to the same general effect as section 45 of the Organic Act, come to possess great importance. The provisions on this subject found in the various state constitutions have been many times before the state and federal courts and, since they are to the same general effect as the provision found in our Organic Act, the decisions of those courts furnish us with a wealth of authoritative statements on the purpose and scope of said provision. The authorities establish that in considering these provisions it is important to regard the following: 1. The evils designed to be remedied; 2. the particularity required in stating the object or subject; 3. what is embraced in the title; 4. the effect where the Act is broader than the title.

The provision of the Organic Act in question, like similar provisions incorporated in many of the state constitutions, is two-fold; that is, it first requires an Act to embrace but one subject, and second, it requires that

the subject be expressed in its title. There is no contention on the part of the auditor that Act 203 embraces more than one subject but it is contended that the title is so restrictive that it gives no hint that it was intended to apply to Waimano Home and therefore fails to comply with the requirement that the subject be expressed in the title.

The evils designed to be remedied by such provisions in the Organic Law have been very clearly stated by Mr. Cooley in his work on Constitutional Limitations. After quoting what various courts have stated the evils to be remedied were, he summed it up as follows: "It may therefore be assumed as settled that the purpose of these provisions was: *first,* to prevent *hodge-podge* or 'log-rolling' legislation; *second,* to prevent surprise or fraud upon the legislature by means of provisions in the bills of which the titles gave no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and *third,* to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon, by petition or otherwise, if they shall so desire." 1 Cooley's Constitutional Limitations (8th ed.), pp. 295, 296.

It is more difficult to state in general terms the particularity required in stating the subject of an Act in its title. It may be said, however, that the general purpose of the provision is accomplished when a law has one general subject or object which is fairly indicated in its title. To require every end and means necessary or convenient for the accomplishment of the general purpose of the Act to be provided for by a separate Act relating to that alone would not only be unreasonable but would actually render legislation impossible. The generality of a title is there-

fore no objection to it so long as it is not made a cover to legislation incongruous in itself and which by no fair intendment can be considered as having a necessary or proper connection with the subject. A title does not contain more than one subject if all of its details relate to the same subject but the title must be such as to reasonably apprise the public of the interests that are or may be affected by the statute. The legislature must determine for itself how broad and comprehensive or how restrictive shall be the subject of a statute. It is well-established, however, that the use of such words as "other purposes" and like expressions which are so often relied upon to broaden the scope of an Act can be of no avail in the face of the provision of our Organic Law now under consideration. (1 Cooley's Constitutional Limitations [8th ed.], pp. 297-302 and cases cited.)

In considering the question of what is embraced by the title it must be kept in mind that the Organic Law should be liberally construed so as not to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it has been adopted. However, "the title must be construed with reference to the language used in it alone, and not in the light of what the body of the act contains." *The People* v. *Joyce*, 246 Ill. 124, 129, 92 N. E. 607, 20 Am. & Eng. Ann. Cas. 472. It is well-settled by decisions of this court that the provision of the Organic Law is mandatory and the disregarding of it by the legislature renders its act nugatory. (*Marchant* v. *Marchant*, 3 Haw. 661; *Territory* v. *Kua*, 22 Haw. 307.)

With the foregoing principles in mind we pass to a consideration of the case in hand. Appellant's argument that the title of Act 203, stripped of excess verbiage, would read as follows: "An Act * * * adding * * * a new chapter numbered 254 A, providing for a department

of institutions * * * prescribing its powers, duties and functions, and amending * * * other laws inconsistent with this Act, to conform thereto," cannot be sustained. Such emasculation of the title of said Act would materially enlarge its scope. This the courts are not authorized to do.

"As the legislature may make the title to an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being included in the act which might with entire propriety have been embraced in one enactment with the matters indicated by the title, but which must now be excluded because the title has been made unnecessarily restrictive. The courts cannot enlarge the scope of the title; they are vested with no dispensing power; the constitution has made the title the conclusive index to the legislative intent as to what shall have operation; it is no answer to say that the title might have been made more comprehensive, if in fact the legislature have not seen fit to make it so." 1 Cooley's Constitutional Limitations (8th ed.), p. 310.

We are unable to agree with the appellant when he argues that the phrase "to administer the territorial hospital, the industrial schools and Oahu prison and other territorial prisons" immediately following the words "providing for a department of institutions" does not restrict the import of the general language last above quoted. Counsel would have us change the title by placing a comma after the word "institutions" so that the words "to administer the territorial hospital," etc., would refer to the words "An Act" and not to the words "department of institutions." We think that when the legislature entitled the Act in question "An Act * * * providing for a department of institutions to administer" certain enumerated institutions the scope of the Act was thereby restricted to the enumerated institutions regardless of

whether the title was so worded inadvertently or purposely.

Appellant also argues that even if the above argument is rejected and the title held restrictive still it is sufficient to embrace Waimano Home because, as he argues, Waimano Home is a territorial hospital and therefore embraced in the general term. He also argues that said home is a territorial prison and therefore embraced in the phrase "and other territorial prisons" found in the title of said Act. We cannot sanction such a strained construction of the language of the title. "The Territorial Hospital" is the official name of that institution maintained by the Territory at Kaneohe for the care of the insane and it was clearly that institution and none other that the words "territorial hospital" were intended to embrace. To hold otherwise would place various other territorial institutions under the administrative care of the director of institutions without the means with which to maintain them.

Oahu Prison is the official name of the penal institution maintained by the Territory in which only felons are imprisoned. The phrase "and other territorial prisons" used in the title of Act 203 immediately following the words "Oahu Prison" would utterly fail to notify either the legislators or others interested in Waimano Home that the Act in question contained provisions affecting said home. Waimano Home is not a penal institution. To apply said phrase "and other territorial prisons" to other than penal institutions would violate that elementary rule of construction to the effect that where certain things are enumerated and then a phrase is used which might be construed to include other things, it is generally confined to things *ejusdem generis, i.e.,* things of the same kind or species. (19 C. J. 1255.)

Chapter 41, R. L. H. 1935, is entitled, "Mental Diseases: Territorial Hospital." Said chapter provides for the estab-

lishment and maintenance of an institution to be known as the "Territorial Hospital," for the reception, treatment and detention of persons committed thereto as insane, and of persons requiring treatment and care for mental diseases not amounting to insanity, who may be committed or admitted thereto. Its government and management is given to the territorial board of health and a procedure for commitment, detention, parole and release of the insane to said institution is set forth in detail in said chapter. Chapter 32, R. L. H. 1935, is entitled, "Feeble-minded: Waimano Home." Said chapter provides for a board of commissioners for a home for the feeble-minded, to be known as "Waimano Home." It prescribes the powers of the board, defines feeble-minded persons, makes certain provisions for the admission without commitment of persons to said home and for the parole of inmates, and then provides that "all proceedings for the commitment, detention, parole, and release of feeble-minded persons shall be in the form and manner provided for the commitment, detention, parole, and release of the insane, except as in this chapter modified." The title to Act 203 enumerates chapter 41 as one of the chapters of the Revised Laws to be amended by said Act.

From the foregoing facts it is argued by appellant that the provisions of Act 203 relative to the transfer of the administration of Waimano Home to the director of institutions is germane to the general subject of the title of the Act and that therefore the title is sufficient to justify the inclusion of said provisions in the Act.

The obvious answer to the foregoing argument is that the general subject of the title of Act 203 is to provide for "a department of institutions to administer the territorial hospital, the industrial schools, and Oahu Prison, and other territorial prisons," and the inclusion of provisions in said Act which counsel argues amounted to an

amendment of the procedural provisions of chapter 32 of the Revised Laws, even if correct, would not justify the conclusion that the title was sufficient to authorize the inclusion in said Act of provisions transferring the administration of said home to the director of institutions, as provided in said Act.

Finding no error in the auditor's decision refusing to approve said voucher and issue his warrant thereon, the same should be sustained, and it is so ordered.

*J. V. Hodgson,* Attorney General, *E. K. Kai,* Acting Attorney General, *C. N. Tavares,* Special Deputy Attorney General, and *T. Monden* for appellant.

*R. J. O'Brien* for appellee.